LAVILLA J. BURTLESS, APPELLEE, v. McCOOK IRRIGATION & WATER POWER COMPANY, APPELLANT.

FILED JANUARY 15, 1916. No. 18493.

**Waters:** IRRIGATION: DISCRIMINATION. The evidence examined and referred to in the opinion *held* insufficient to sustain any recovery by plaintiff.

APPEAL from the district court for Red Willow county: ERNEST B. PERRY, JUDGE. *Reversed and dismissed.*

*C. E. Eldred,* for appellant.

*W. S. Morlan, contra.*

FAWCETT, J.

The defendant, a corporation organized under the laws of this state, has for more than 20 years been engaged in the business which its name implies, and plaintiff is the owner of land lying under its irrigation canal and within

the territory which can be successfully irrigated by water therefrom. On January 30, 1912, plaintiff instituted this suit in the district court for Red Willow county. Her petition recites that the usual charge made by defendant for perpetual water rights has been at the rate of $6.25 an acre; that she applied to defendant for a perpetual water right and offered to pay defendant the full rate and charge exacted and demanded of owners and holders of perpetual water rights, for use of water; that defendant wrongfully refused to accept plaintiff's application equally and without discrimination as compared with other users of water of said canal, but unjustly and unreasonably demanded of plaintiff the sum of $35 an acre for such perpetual water right; that the sum demanded is unlawful, unreasonable and discriminatory. Her prayer is that she be decreed to be entitled to a perpetual water right for 42 acres of land upon bringing into court and paying defendant therefor the sum of $208, and that defendant be enjoined from discriminating against her by charging and demanding more from her than from other consumers under its canal, and from making and demanding other than uniform rates governing the delivery of water from its canal for irrigation purposes, and for general relief. The district court found for plaintiff as to her right to maintain the suit, and decreed that she have a perpetual water right for the land described in her petition upon bringing into court and paying to defendant for such water right $500, and enjoined defendant as prayed in the petition. Defendant appeals.

The petition and answer both proceed upon the theory that the regulation of perpetual water rights is a matter within the jurisdiction of the state railway commission. The petition alleges that defendant has never had rates fixed or determined by the state railway commission or by any tribunal, board or public officer whatever. The answer alleges that on September 11, 1911, defendant filed with the state railway commission its schedule of rates and charges as fixed by it for water furnished, sold and deliv-

ered under both permanent water rights and for rental service; that such schedule was approved by the railway commission and ever since has been in full force and effect. In determining this appeal, we deem it unnecessary to consider the question of the jurisdiction of the state railway commission to determine the price which a corporation, such as defendant, may charge for the sale of its perpetual water rights. Regardless of that question, plaintiff has not sustained her allegations of unjust or discriminatory action by the defendant. The record shows that prior to April 7, 1911, defendant had no established or settled rate for the sale of perpetual water rights, but sold such rights from time to time in a manner which indicates that such sales were made to meet then existing conditions. From the time of its organization down to the date just named it made sales of perpetual water rights at rates ranging from $6.25 to $20 an acre. On that date, at a meeting of the water committee of defendant at the secretary's office, it was unanimously voted to sell no more perpetual water rights at a price less than $35 an acre and to furnish no water under lease at a less price than $3.50 an acre. The record shows that since the taking of such action these rates have been strictly adhered to, and all sales of perpetual water rights have been made at $35 an acre.

The judgment of the district court is reversed and the suit dismissed.

REVERSED AND DISMISSED.

SEDGWICK, J., not sitting.